E-FILED
Monday, 11 February, 2019 01:23:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIAN MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-cv-1055 |
| | ) |
| STEVE KALLIS, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND OPINION

Now before the Court is Petitioner Julian Martin's (hereinafter, "Petitioner" or "Martin") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). For the reasons set forth below, his Petition is DENIED.

### BACKGROUND[1]

Martin is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. On September 26, 2013, a federal grand jury in the District Court for the Northern District of Illinois charged Martin with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); Accessory After the Fact to Murder, in violation of 18 U.S.C. § 3 (Count 6); Violent Crimes in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5) (Count 7); Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 8); Conspiracy to Possess with the Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 (Count 9); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 24). R. 2.

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Hoskins, et. al.*, No. 13-cr-00772 (N.D. Ill.), are styled as "R.___."

On December 9, 2014, the Grand Jury returned a superseding indictment that charged Martin with Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); Accessory After the Fact to Murder, in violation of 18 U.S.C. § 3 (Count 6); Violent Crimes in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5) (Count 7); Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 8); Conspiracy to Possess with the Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 (Count 9); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 22). R. 7.

On July 7, 2015, after a bench trial, Martin was found guilty of counts 1, 6, 9, and 22 of the superseding indictment. R. 1150. Martin was acquitted of counts 7 and 8 of the superseding indictment. *Id.*

Martin's sentencing hearing was roughly a year later, on July 8, 2016. The judge orally pronounced the sentence as follows:

> I'm going to commit you to the custody of the Bureau of Prisons for a total term of 310 months on Count one; 180 months on Count 6; and 120 months custody on each of Counts 9 and 22, all to be served concurrently.
>
> I find that you do not have the ability to pay a fine, and so I will waive that requirement. There is a special assessment of $400, which is due immediately. Upon your release from prison you will be on supervised release for five years on Count 1 and three years on Counts 6, 9 and 22, but all to be served -- or all to be done concurrently.

R. 1590 at 83-84.

The original judgment in the case was entered on July 13, 2016. R. 1595. It stated that Martin "was found guilty on count(s) 1s, 6s, 9s, 22s after a plea of not guilty," had "been found not guilty of count(s) 7s an 8s" and "Count(s) 1, 6, 7, 8, 9, 24 are dismissed on the motion of the United States." Regarding imprisonment, it ordered that:

2

> [Martin] is hereby committed to the custody of the United States Bureau of
> Prisons to be imprisoned for a total term of: THREE HUNDRED TEN (310)
> MONTHS on Count One; ONE HUNDRED EIGHTY (180) MONTHS on Count
> Six; ONE HUNDRED-TWENTY (120) MONTHS on Counts Nine and Twenty-
> two all to run CONCURRENTLY for a total of THREE HUNDRED TEN (310)
> MONTHS.

*Id.* at 2. On December 2, 2016, an amended judgment was issued to correct a clerical error in the sentence pursuant to Fed. R. Crim. P. 36. R. 1697. The imprisonment order was amended to add the language in bold below:

> [Martin] is hereby committed to the custody of the United States Bureau of
> Prisons to be imprisoned for a total term of: THREE HUNDRED TEN (310)
> MONTHS on Count One; ONE HUNDRED EIGHTY (180) MONTHS on Count
> Six; ONE HUNDRED-TWENTY (120) MONTHS on Counts Nine and Twenty-
> two all to run CONCURRENTLY for a total of THREE HUNDRED TEN (310)
> MONTHS **of the superseding indictment. Defendant is to be given credit for
> time served in State custody**.

*Id.*

Martin appealed, and the Seventh Circuit has now affirmed the conviction and sentence. *United States v. King*, 910 F.3d 320 (7th Cir. 2018), *reh'g denied* (Jan. 4, 2019). Martin did not appeal any issues related to the validity of either the original or amended written judgments.

The Bureau of Prisons ("BOP") computed Martin's sentence based on the 310-month total term of imprisonment for Martin's convictions for Racketeering Conspiracy (Count 1); Accessory After the Fact to Murder (Count 6); Conspiracy to Possess with the Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 (Count 9); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 22). *See* Sentry Public Information Inmate Data, Resp. App. at pp. 6-8. The BOP provided Martin with credit for the time he served in state custody. *Id.* Martin's projected release date, taking into account good conduct time, is August 11, 2035. *Id.*

3

Martin filed this petition (Doc. 1) pursuant to 28 U.S.C. § 2241 on February 7, 2018, and argues that the BOP has incorrectly calculated his sentence as 310-months imprisonment. Specifically, Martin argues that because the judge, when orally pronouncing his sentence, did not refer to the superseding indictment, the counts she sentenced him to—counts 1, 6, 9, and 22—were from the original indictment. Martin then argues that, as counts 1, 6, and 9 of the original indictment were dismissed on motion of the Government, only his sentence of 120 months for count 22 must remain. Respondent and filed his Response (Doc. 7) and Martin filed a reply (Doc. 9). This Order follows.

## DISCUSSION

Respondent first argues that Martin has failed to exhaust his administrative remedies. While "there is no express exhaustion requirement in 28 U.S.C. § 2241, a district court is entitled to require a prisoner to exhaust the administrative remedies that the BOP offers before it will entertain a petition." *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009). Here, Respondent states that while Martin has filed various requests for administrative remedies via the BOP's established administrative remedy procedure, Martin has not filed a request for administrative remedy with regard to his sentence computation issue. Resp. at 10-11 (Doc. 7). Martin, however, has submitted copies of his Request for Administrative Remedy dated January 12, 2018, in which he raised this sentence computation issue, as well as the BOP staff's response. Pet. Reply, Exs. A and B (Doc. 9). Martin also alleges that BOP staff are refusing to give him the proper forms to appeal, but would be willing to file an administrative appeal if BOP staff gave him the forms. *Id.* at pp. 4. However, the Court need not resolve this dispute and will not require Martin to further exhaust his administrative remedies, as the Court can easily resolve and dismiss the Petition on the merits.

4

Martin argues his sentence of imprisonment can only be based on the sentence of 120 months he received for count 22, despite the oral and written judgment sentencing him to prison for a total of 310 months. His argument is that because the sentencing judge did not specifically say that the counts she was sentencing him on—1, 6, 9, and 22—were from the superseding indictment, the judge must have been referring to the original indictment. And, as the Government specifically dismissed counts 1, 6, and 9, from the original indictment, only count 22 remains for which he has a valid sentence. Martin provides no basis for why the default assumption would be that the judge meant the original indictment when she did not explicitly refer to either indictment. Given the fact that the judge found Martin guilty after a bench trial on counts 1, 6, 9, and 22 of the *superseding* indictment, there could simply be no confusion that the judge was referring to the counts of the superseding indictment. Additionally, Martin was not even charged in count 22 in the original indictment. Martin provides no explanation for why he would be sentenced to counts he was not only not convicted of, but for one which he was not even *charged*.

At best, Martin might argue that the oral sentence was ambiguous as to which indictment applied. But to the extent the oral sentence here could be seen as ambiguous, "the written judgment can correct those discrepancies." *United States v. Courtright*, 574 F. App'x 743, 744 (7th Cir. 2014). *See also, United States v. Daddino,* 5 F.3d 262, 266 (7th Cir. 1993) (noting the general rule that "if the oral and written sentences conflict, the oral language governs" does not apply when the oral language is ambiguous). Both the original and the amended written judgment make clear that Martin was found guilty on counts 1, 6, 9, and 22 from the superseding indictment by denoting the counts "1s, 6s, 9s, 22s." Further, the amended written judgment makes clear that the term of imprisonment relates to the counts in the superseding indictment by

the addition of the words "of the superseding indictment." Any ambiguity that could exist has certainly been resolved in the written judgment.

The BOP calculated Martin's sentence based on the 310-month total term of imprisonment to which he was sentenced for his convictions under the superseding indictment for Racketeering Conspiracy (Count 1); Accessory After the Fact to Murder (Count 6); Conspiracy to Possess with the Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 (Count 9); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 22). *See* Sentry Public Information Inmate Data, Resp. App. at pp. 6-8. After providing Martin with credit for the time he served in state custody, his projected release date, taking into account good conduct time, is August 11, 2035. *Id.* Martin has not identified any errors in the BOP's calculation. Accordingly, his Petition must be dismissed.

## CONCLUSION

For the reasons set forth above, Petitioner Julian Martin's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED.

This matter is now TERMINATED.

Signed on this 11th day of February, 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge